DANCEL et al. v. GOODYEAR SHOE-MACH. CO.

(Circuit Court, S. D. New York.    May 1, 1901.)

PATENTS—CONTRACT OF ASSIGNMENT—AGREEMENT TO PAY ANNUITY TO ASSIGNOR.
    Under a contract by which the owner of certain inventions and patents assigned the same, and the assignee agreed to pay to the assignor in each year while a certain one of such patents "remains in force as a valid patent the sum of $5,000, as an annuity," the right to such payments does not cease on the death of the assignor because they are termed an "annuity," but payment may be enforced by his legal representatives so long as the patent named remains in force.

Action at Law to Recover Payments under a Contract Assigning Certain Patents.  On demurrer to complaint.

Roger Foster, for plaintiffs.
Edward H. Childs, for defendant.

WHEELER, District Judge. This action is brought upon a written agreement between Christian Dancel, the plaintiffs' intestate, which, after reciting the assignment of several inventions and patents by him to the defendant, and among them No. 459,036, dated September 8, 1891, contained a provision that the defendant "doth agree to pay to said Dancel in each year while the United States letters patent No. 459,036 remains in force as a valid patent the sum of $5,000, as an annuity; such annuity to be payable monthly in installments of $416⅔ each." Personal representatives are not here named, full payment has been made of the sums accruing during the life of the intestate, and further payments are refused for want of survival as an annuity. The diligence of counsel has produced many cases wherein it is held that annuities run only during

the lives of the annuitants, where no other time is prescribed. This, however, is not strictly an annuity, but is a compensation for the use of the inventions while the particular patent mentioned "remains in force as a valid patent." The time during which it is to run is definitely provided for as a part of the contract. It is a simple-contract debt, which survives of itself, and which personal representatives have a right to enforce. That it was to be paid as an annuity does not affect the time it would by its own terms continue. Its continuance was as much a part of the contract as any other part. Demurrer overruled; defendant to answer over by June rule day.